The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence, the Full Commission reverses in part and affirms in part the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act, and the Industrial Commission has jurisdiction of this matter.
2. The parties entered into a Form 21 Agreement for Compensation for Disability that was approved by the North Carolina Industrial Commission on July 3, 1990.
3. The parties entered into a Form 26 Supplemental Memorandum of Agreement as to Payment of Compensation for temporary total disability benefits which was approved by the North Carolina Industrial Commission on October 10, 1990.
4. The parties entered into a Form 26 Supplemental Memorandum of Agreement as to Compensation for permanent partial disability benefits which was approved by the North Carolina Industrial Commission on May 28, 1992.
5. Defendant filed with the North Carolina Industrial Commission a Form 28B Report of Compensation and Medical Paid, which was dated July 7, 1992.
6. The parties entered into a Form 26 Supplemental Memorandum of Agreement as to compensation which was approved by the North Carolina Industrial Commission on February 4, 1994, awarding plaintiff an additional thirty weeks of compensation based upon an additional ten percent permanent partial disability of the back.
7. Plaintiff filed with the North Carolina Industrial Commission an Application for Lump Sum Award dated January 24, 1994.
8. Pursuant to the Form 26 and the Application for Lump Sum Award, the North Carolina Department of Public Instruction issued a check dated March 3, 1994, made payable to plaintiff in the amount of $3,121.50. This check was the last payment to the employee.
9. On April 20, 1994, the Industrial Commission approved Plaintiff's Application for Lump Sum Award.
10. After the payment made on March 3, 1994, defendant did not file a subsequent Form 28B with the North Carolina Industrial Commission.
11. On or about April 3, 1996, plaintiff, through her former attorney, John G. Trimpi, sent a letter to Ms. Charlene Shabazz, Insurance Section, North Carolina Department of Public Instruction, contending, inter alia, that plaintiff had experienced a substantial change in circumstance concerning her physical condition under N.C. Gen. Stat. § 97-47 and requesting additional compensation as a result of the substantial change of condition. A copy of this letter was filed with the North Carolina Industrial Commission.
12. The issues to be decided by the Commission are: (1) whether plaintiff's claim is barred by the two-year time limitation of N.C. Gen. Stat. § 97-47; and (2) whether plaintiff has sustained a change of condition.
***********
Based upon all of the competent evidence from the record herein, the Full Commission rejects the findings of fact by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on December 9, 1938. She worked for over fourteen years in the school system, working both as a maid and as a cook. She has previously worked as a nurse's assistant and worked in the laundry room of a nursing facility. She has also worked in fields chopping crops including peanuts and corn.
2. Since her compensable back injury on February 28, 1990, plaintiff has suffered with chronic back pain, which has continued to worsen over the years. Since February 1991 she has been under the care of Dr. Lorenzo Archer, an orthopedic surgeon in Norfolk, Virginia.
3. Plaintiff has previously been compensated for a rating of a forty percent permanent impairment to her back. MRI evaluations have shown a herniated disc at L5-S1 and degenerative problems. In addition to her back problems, since 1993 plaintiff has had a heart attack and has undergone angioplasty and shoulder surgery.
4. Plaintiff has not earned any wages since 1994. However, Dr. Archer is of the opinion that she possibly could have performed sedentary work in July 1994, which was after plaintiff had been compensated for the forty percent rating to her back.
5. When Dr. Archer saw plaintiff as of March 21, 1996, he felt that her pain had increased and that her condition had worsened to the point that her permanent impairment to her back had increased to fifty percent. Dr. Archer is of the opinion, and the Commission finds, that plaintiff's physical condition since 1994 has deteriorated and that she is incapable of any gainful employment.
6. Based upon the competent evidence of record, plaintiff has been incapable of earning wages in her previous or any other employment since March 21, 1996 and is totally and permanently disabled. She is not a candidate for surgery, but will require additional medical monitoring for her back condition, as well as occasional pain medication.
7. The parties entered into a Form 26, approved by the Commission on February 4, 1994, for payment of the additional ten percent rating, after the rating had increased to forty percent to her back. The Form 26 indicated that payments began September 15, 1993 and were to continue for thirty weeks until approximately April 19, 1994. Defendants paid the compensation in a lump sum and sent the last payment of compensation to plaintiff on or about March 3, 1994, after plaintiff had applied for a lump sum payment but before the application was approved by the Commission. Plaintiff's application was not approved by the Commission until April 20, 1994.
8. Although the final payment of compensation was sent to the plaintiff on March 3, 1994, defendant never filed a Form 28B closing out this case.
9. By letter dated April 3, 1996, plaintiff filed a claim pursuant to N.C. Gen. Stat. § 97-47 alleging a change of condition.
10. Plaintiff failed to file the change of condition claim within two years from March 3, 1994, the date of the last payment of compensation pursuant to an award, which was the Form 26 Agreement approved by the Commission.
11. There is no evidence of record that plaintiff's delay in filing her claim for a change of condition was induced by any acts, representations or conduct on the part of defendant and no evidence that defendant acted in bad faith. In addition, plaintiff was represented by counsel during the two-year period in question.
12. Based upon the prior Forms 21 and 26, plaintiff's weekly compensation rate is $119.05.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On February 28, 1990, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's letter dated April 3, 1996, was the first notice to the Commission that plaintiff claimed additional compensation for her injury and was sent more than two years from the date of the last payment of compensation. Under N.C. Gen Stat. §97-47, a claim for additional compensation is barred if the request for compensation is not made within two years from the date of the last payment, unless the carrier is estopped to plead the lapse of time. Watkins v. Motor Lines, 279 N.C. 132,181 S.E.2d 588 (1971).
3. The failure of defendant to furnish a copy of Commission Form 28B to plaintiff within sixteen days after final payment of compensation as required by N.C. Gen. Stat. § 97-18(h) does not estop defendant from asserting the two-year limitation of N.C. Gen. Stat. § 97-47 as a defense to plaintiff's claim for additional compensation for a change of condition. Willis v.Davis Industries, 280 N.C. 709, 186 S.E.2d 913 (1972).
4. The record in this case also fails to disclose any equitable grounds which would estop defendant from pleading the two-year time limit of N.C. Gen. Stat. § 97-47. Hand v. FieldcrestMills, Inc., 85 N.C. App. 372, 355 S.E.2d 141 (1987).
5. Plaintiff's claim for additional compensation for a change of condition is barred by the two-year time limit of N.C. Gen. Stat. § 97-47.
6. Plaintiff will need ongoing medical monitoring and treatment, including the use of pain medications. Defendant is responsible for payment for all such medical care. N.C. Gen. Stat. §§ 97-2(19), 97-25.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim for additional compensation for a change of condition is DENIED.
2. Defendant shall pay all medical expenses that have been or may reasonably be incurred by plaintiff as a result of the compensable injury.
3. Defendant shall pay the costs due this Commission, including a $25.00 penalty for the failure to file a Form 28B as required by N.C. Gen. Stat. § 97-18(h).
This the ___ day of March 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. COMMISSIONER
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp