***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner, and the briefs and oral arguments before the Full Commission. The Full Commission MODIFIES and REVERSES the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Commission has jurisdiction of the parties and the subject matter of this action.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
3. Employer-defendant regularly employed more than three (3) employees. Zenith Insurance Company provided defendant-employer with workers' compensation coverage at all relevant times herein.
4. Plaintiffs average weekly wages will be determined from a Form 22 submitted by defendants.
5. The date of plaintiff's alleged injury by accident was April 15, 1995.
6. The parties have stipulated to the following exhibits:
a. Pre-Trial Agreement
b. Application for Employment dated 8/2/89.
c. Job Description for Sitter/Companion.
d. Job Description for Homemaker.
e. Job Description for Home health Aide/Nurse Aide I
f. Form NC-4 dated 1/31/94
g. Tuberculosis Screening Certification dated 1/31/94
h. Listing Card for Nurse Aide 1
i. NAI Skills Assessment Test dated 1/31/94
j. Employee Agreement Private Duty Services dated 1/31/94
k. Employment Eligibility Verification
l. 1993 Form W-4
m. Release of Employment Information dated 1/31/94
 n. Pupil Progress Reports, Greensboro Public Schools (not including Psychological Assessment dated 11/23/71)
7. The issues before the Commission are whether the Industrial Commission has jurisdiction to determine plaintiffs competency and, if so, whether plaintiff was mentally incompetent at the time of her alleged injury such that her claim is not barred by N.C. Gen. Stat. § 97-24.
 RULING ON EVIDENTIARY MATTER
Plaintiff's motion to take additional testimony and evidence is DENIED.
 ***********
Based upon all the competent evidence from the record herein, the Full Commission finds as follows:
 FINDINGS OF FACTS
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a forty-five year old female.
2. Plaintiff attended school in the Greensboro Public School System, and graduated in 1974.
3. Plaintiff underwent a psychological assessment in 1967 at the request of her teacher. Another assessment was completed in 1971. Both psychological assessments found plaintiff to be in the educable mentally retarded range of intelligence. Plaintiff began special education classes in junior high school and made average grades.
4. Plaintiff graduated from high school in 1974, but is unable to read, write, or do arithmetic. Plaintiff can print and copy words correctly, although she cannot spell.
5. Plaintiffs first job was at Evergreen Nursing Home in 1972 while she was a tenth grade student at Page Senior High School. Plaintiff worked at Evergreen for five years, and then at Carolina Nursing Home and later at Jonesbury Elementary School where she worked in the dish room.
6. Plaintiff left Jonesbury to return to Evergreen. While employed at Evergreen, plaintiff completed a course consisting of 1,080 hours, which qualified her to take a test administered by the State of North Carolina to become a Certified Nurse's Aide I. She completed the course and took the state test, passing with a score of 85 in 1994. The test was administered orally to plaintiff and she was allowed to give verbal responses. Plaintiff held the CNA certificate continuously until she stopped working in approximately 1997.
7. Plaintiff left Evergreen to become a private duty nurse with Medical Personnel Pool. She began her employment with defendant-employer in January 1994.
8. Plaintiff took job applications and other required forms home and friends helped her to complete them. Plaintiff then copied the forms in her own handwriting.
9. Plaintiff began living outside her parents' home when she turned 18. She has lived alone most of the last 25 years. Friends have helped plaintiff fill out lease applications and set up utilities when she changed residences. In the past, friends have read and explained documents to her, but plaintiff always made the final decisions concerning her affairs.
10. Plaintiff obtained a driver's license and drove herself to places of employment. A friend drove a route with plaintiff until she learned it, and then she commuted to her job alone. She was considered a safe driver by friends and understood traffic signs. Plaintiff's driver's license has never been restricted.
11. Plaintiff has always cared for herself, cooked for herself, and cleaned and maintained her own living space.
12. Plaintiff had difficulty balancing her checkbook and sought assistance from friends in making financial decisions. Plaintiff had someone explain her options and then she decided what to do. Plaintiff at times wrote checks without any assistance.
13. Plaintiff maintained her own time records in order to be paid from her employment. She kept up with changing work schedules and hourly wages.
14. Plaintiff was married, and receives Social Security disability benefits.
15. Plaintiff received statements, bills, and paychecks at her residence and in her own name.
16. Plaintiff was good at her job and considered competent by her superiors. Her position required her to be responsible for the care, safety and welfare of elderly and disabled patients. Plaintiff was familiar with the limitations on care she could provide as a CNA. She knew that she could not administer medications or give shots, and she never attempted to provide those services.
17. Plaintiff has never been adjudged incompetent by any court or judicial agency. Plaintiff never had a guardian appointed and stated at the hearing before the Deputy Commissioner that she never felt she needed a guardian.
18. Plaintiff alleges that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on April 15, 1995. Plaintiff did not file a claim with the Commission until she submitted a Form 18 on October 4, 1999. This form was filed without an attorney.
19. The Deputy Commissioner removed plaintiffs claim from the hearing docket for lack of jurisdiction and held that jurisdiction for competency determinations lies with the Clerk of Superior Court, pursuant to Chapter35A of the North Carolina General Statutes. The Full Commission reverses the Deputy Commissioner's decision and finds by the greater weight of the evidence that plaintiff was competent to manage her own affairs at the time of her injury and during the two year period following. Plaintiff had a history of twenty years of continuous employment before the date of the accident, held a valid driver's license, obtained special state licensing as a Certified Nurses Aide I, made financial and personal decisions for herself, and lived alone and cared for herself.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The timely filing of a claim for compensation is a condition precedent to the right to receive compensation for a work-related injury, and the failure to file a claim within two years after the injury acts as a jurisdictional. bar for the Industrial Commission. N.C. Gen. Stat. § 97-24; Reinhardt v. Women's Pavilion, 102 N.C. App. 83,401 S.E.2d 138 (1991).
2. N.C. Gen. Stat. § 97-50 provides that the time limit for filing a claim does not run against a person who is mentally incompetent, as long as she has no guardian, trustee or committee. Id.
3. The Industrial Commission has jurisdiction over this claim and this plaintiff and has the authority to determine whether plaintiff was mentally incompetent during the two-year time limit involved herein.See, Hand v. Fieldcrest Mills, Inc., 85 N.C. App. 372, 355 S.E.2d 141
(1987): Carpenter v. Tony E. Hawley, Contractors, 53 N.C. App. 715,281 S.E.2d 783 (1981).
4. N.C. Gen. Stat. § 35A-1101(7) defines an incompetent adult as:
 "[A]n adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition."
5. In the case at bar the greater weight of the evidence shows that plaintiff was not incompetent at the time of her alleged injury by accident or during the following two years. N.C. Gen. Stat. §§35A-1101(7); 97-24; 97-50. During the time period in question, plaintiff was capable of managing her own affairs, could exercise rational judgment and was able to understand the consequences of her actions. Hagins v.Redevelopment Comm., 275 N.C. 90, 165 S.E.2d 490 (1969); Soderlund v.Kuch, 143 N.C. App. 361, 546 S.E.2d 632 (2001): Hand v. FieldcrestMills. Inc., supra. `'[`Mere weakness of mind will not be sufficient to put a person among those who are incompetent to manage their own affairs.Hagins v. Redevelopment Comm., 275 N.C. 90, 105, 165 S.E.2d 490, 500
(1969) citing In re Anderson, 132 N.C. 243, 43 S.E. 649 (1903).
6. Because plaintiff did not file a claim with the Industrial Commission within the two-year time period prescribed by N.C. Gen. Stat. § 97-24. Plaintiff is barred from receiving compensation under the North Carolina Workers' Compensation Act. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the North Carolina Workers' Compensation Act, plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
This the 15th day of January 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER