* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, vacates the Opinion and Award/Order of the Deputy Commissioner.
 * * * * * * * * * * * RULING ON EVIDENTIARY MATTER
The Full Commission hereby admits into evidence medical records that Plaintiff submitted either at the hearing before the Deputy Commissioner or at the time of oral arguments before the Full Commission. Defendants stated that they do not object to admitting the medical records into evidence; however, they request a copy of the medical records. The medical records submitted are not in any discernable order. All of the medical records submitted to the Industrial Commission shall be made available to Defendants at no cost.
 * * * * * * * * * * *
Based on the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the injury by accident, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On January 19, 1996, Plaintiff was employed as a technical supervisor by Defendant-Employer. On this same date, Plaintiff sustained an admittedly compensable injury by accident, arising out of and in the course of employment with Defendant-Employer. Plaintiff alleged in his Form 18 that while working on top of an automated machine, the machine moved, causing him to fall and injure his head, neck, lower back and left leg. Plaintiff returned to work with Defendant-Employer on January 23, 1996, and worked until May 17, 1996.
3. Plaintiff treated primarily with Dr. S. Keith Miller, a neurologist practicing in High Point, North Carolina. No surgery was performed. The Industrial Commission was supplied with copies of reports issued by the physicians and surgeons who provided treatment for Plaintiff related to his injury.
4. Defendants denied the claim and on December 10, 1996, Plaintiff filed a Form 33 request for hearing. Defendants filed a Form 33R response to request for hearing, indicating that they were denying Plaintiff's back and leg injury, but were admitting liability for Plaintiff's "head laceration injury." Defendants' Form 33R further stated that Plaintiff was paid full wages through May 4, 1996. No workers' compensation benefits were paid and no form agreements were filed admitting or denying Plaintiff's claim. Plaintiff's case was calendared for hearing on a number of occasions, but was continued for various reasons, including the fact that Plaintiff was undergoing medical treatment and was not available for hearing.
5. On July 29, 1998, the parties entered into a Compromise Settlement Agreement and Release (Agreement). Plaintiff's mother signed the Agreement as attorney-in fact for Plaintiff and Plaintiff also signed the Agreement. Plaintiff testified that his mother served as attorney-in fact for him because he was not able to make sound financial decisions because of the narcotics he was taking for pain. Pursuant to the terms of the Agreement, Plaintiff was paid a lump sum of $125,000.00. Defendants also paid $20,223.05, for medical expenses, and $2,502.83, for rehabilitation expenses. A Deputy Commissioner approved the Agreement on August 10, 1998. Defendant-Carrier filed a Form 28B on August 19, 1998, reporting final payment.
6. In 2000 and 2001, Plaintiff was hospitalized on numerous occasions for experiencing delusions and other mental illness symptoms. According to the medical records, Plaintiff had a tendency to deny his mental illness and pretend his problems resulted from his conflicts or misunderstandings with his family members.
7. On June 4, 2002, Plaintiff, acting pro se and without a guardian, filed a Form 33 request for hearing seeking to set aside the Agreement. This matter was calendared for hearing on January 31, 2003. Prior to the hearing, Plaintiff withdrew his request for hearing. Plaintiff's letter withdrawing his request for hearing stated, "I am withdrawing my request for the hearing for the present and am reserving it for the future when our investigations are finished." By Order of Deputy Commissioner Phillip A. Holmes dated February 20, 2003, the case was dismissed without prejudice.
8. When Plaintiff withdrew his claim, Deputy Commissioner Holmes treated his withdrawal as a voluntary dismissal under N.C.I.C. Rule 613(1). Plaintiff's letter of withdrawal should have been treated as a request to remove his claim from the hearing docket under N.C.I.C. Rule 613(2). After the withdrawal or removal of his claim from the hearing docket, Plaintiff is required under N.C.I.C. Rule 613(2), to file a Form 33 request for hearing to reinstate his claim if the reinstatement is more than one year after removal; and if Plaintiff does not reinstate or pursue the claim within two years, the Commission may, but is not required to, dismiss the claim with prejudice after giving Plaintiff notice and an opportunity to be heard. The hearing before Deputy Commissioner Robert W. Rideout, Jr., upon motion of Defendants, provided Plaintiff with notice and an opportunity to be heard.
9. There were no filings or activity in this case from February 20, 2003, until February 24, 2005, at which time Defendants moved to dismiss the claim for failure to prosecute pursuant to N.C.I.C. Rule 613. Plaintiff filed an objection to this motion. This matter was calendared on the active hearing docket and set before Deputy Commissioner Rideout for hearing on August 22, 2005.
10. Prior to the August 22, 2005 hearing, Plaintiff issued subpoenas to Attorney Jay Gervasi, his prior counsel in this claim, as well as employees of Defendant-Employer, to appear at the hearing and testify. Plaintiff also subpoenaed his personnel file from Defendant-Employer.
11. At the August 22, 2005 hearing, the Deputy Commissioner restricted the evidence presented to whether the claim should be dismissed with prejudice under N.C.I.C. Rule 613, for failure to prosecute. The evidence presented focused on whether Plaintiff re-filed his claim in a timely matter and whether Plaintiff could offer a legally sufficient reason why the claim should not be dismissed with prejudice. Plaintiff stated at the hearing that he was confused and did not know how to proceed.
12. Plaintiff testified that he withdrew his claim in February 2003, because he lacked transportation to the hearing. Plaintiff also testified that he has some issues with his memory and that he does not remember things well. Plaintiff stated that he has been on medication since 1990, for a variety of aliments. Plaintiff also stated that he does, however, write checks and pay his bills.
13. Plaintiff's brother, Tracy Wood, testified that Plaintiff had not been the same mentally since the workplace injury by accident, but he was uncertain whether plaintiff had been found incompetent in any forum. Tracy Wood also testified that Plaintiff can remember birthdays, but is sometimes off on the exact day.
14. Jay Gervasi, Plaintiff's prior attorney, testified that Plaintiff did not have a tight grip on reality but, in his lay opinion, was competent.
15. As part of Plaintiff's submission to the Deputy Commissioner in response to the August 23, 2005 Order for Contentions and Proposed Opinion and Award, Plaintiff submitted a new Form 18 dated August 22, 2005, for an alleged injury that occurred on June 11, 1989 during a softball game sponsored by Defendant-Employer. This matter is not before the Full Commission at this time.
16. Plaintiff also submitted a new Form 18 dated August 31, 2005, alleging injury to his right knee while working for Defendant-Employer on March 18, 1996. This matter is not before the Full Commission at this time.
17. Based upon review of the medical records submitted, the Full Commission is of the opinion that during the relevant periods leading up to Plaintiff's withdrawal of his request for a hearing and all relevant periods thereafter, Plaintiff was continuously under treatment for mental problems.
18. Plaintiff is currently taking a number of medications that, according to his testimony, impact his ability to concentrate and focus. Plaintiff has a history of multiple hospitalizations for mental illness, including at least one involuntary commitment in 2001, where he was determined by a court to be mentally ill. In addition, in January 2004, Plaintiff's mother communicated with a nurse at the office of Plaintiff's psychiatrist that she believed Plaintiff was regressing and she was concerned because he had purchased a gun.
19. It is clear from the record that Plaintiff did not understand that his hearing was solely on the issue of whether his claim should be dismissed with prejudice under N.C.I.C. Rule 613, for failure to request a hearing and failure to prosecute. Plaintiff believed that his case was being heard on whether the Agreement should be set aside which was the basis of his original Form 33 request for hearing. Plaintiff was acting without a guardian at the time of the August 22, 2005 hearing before the Deputy Commissioner.
20. Plaintiff's failure to re-file his claim within the one-year period of time following the Order of dismissal without prejudice, or within two years of removal of his claim from the hearing docket, was not deliberate or unreasonable considering his mental state resulting from use of narcotic and other medications and his other psychiatric conditions. No evidence was presented to show that Defendants were prejudiced by Plaintiff's failure to reinstate his claim and the Deputy Commissioner failed to consider whether any sanction other than dismissal would have been appropriate.
21. Also, the Full Commission finds that since Plaintiff's claim should have been treated as a removal, the Commission, in its discretion, may allow Plaintiff to reinstate his claim at any time upon the filing of a Form 33 or other request for hearing. Good grounds exist to allow Plaintiff to reinstate his claim.
22. The Full Commission further finds based on the greater weight of the evidence, that there is a genuine issue concerning whether Plaintiff has the capacity to prosecute his claim and whether a guardian ad litem should be appointed to represent Plaintiff's best interest in this matter.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Under N.C.I.C. Rule 613(1), "[u]pon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission." (Emphasis added). The dismissal of Plaintiff's claim for failure to re-file in one year is a dismissal for failure to prosecute. See e.g.Jackson v. Flameau Airmold Corp., 165 N.C. App. 875, 879,599 S.E.2d 919, 921 (2004). Under Lee v. Roses, 162 N.C. App. 129,133, 590 S.E.2d 404, 407 (2004), prior to dismissing a claim pursuant to Rule 613(1)(c), the Commission must, in its order, address three factors: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." In the instant case, the Deputy Commissioner failed to make sufficient findings of fact to support a dismissal under N.C.I.C. Rule 613(1). Based on the evidence presented, Plaintiff's failure to re-file his claim in the one-year period of time following the Order of Dismissal without prejudice was not deliberate or unreasonable considering his mental state resulting from use of narcotic and other medications and his other psychiatric conditions. No evidence was presented to show that Defendants were prejudiced by Plaintiff's failure to reinstate his claim within one or two years and no evidence was presented and the Deputy Commissioner failed to consider whether sanctions other than dismissal would have been appropriate. Lee,162 N.C. App. at 133, 590 S.E.2d at 407.
2. Since Plaintiff withdrew his claim and reserved the right to re-file, Plaintiff's claim should have been treated as a removal under N.C.I.C. Rule 613(2). A removed case may be reinstated by motion of either party, but if the motion to reinstate is filed more than one year of removal, a Form 33 Request for Hearing is required. Also, when a Plaintiff has not requested a hearing within two years after an Order of Removal, or otherwise pursued his claim, the claim may be dismissed with prejudice by the Industrial Commission upon its own motion or upon motion of any party upon proper notice and an opportunity to be heard. N.C.I.C. Rule 613(2). Due to Plaintiff's mental state caused in part by the use of narcotics and other medications for the treatment of his various conditions and his other psychiatric conditions, the Full Commission is of the opinion that good grounds exist to allow Plaintiff to reinstate his claim
3. Deputy Commissioner Holmes's Order of Dismissal without prejudice should have been an Order of Removal and is hereby vacated. Plaintiff's claim is treated as removed.
4. N.C. Gen. Stat. § 97-50, provides that the time limit for prosecuting a claim does not run against a person who is mentally incompetent, as long as he has no guardian, trustee or committee.
5. The Industrial Commission has jurisdiction over this claim and this Plaintiff and has the authority to determine whether Plaintiff was mentally incompetent during the two-year time limit involved herein. See Hand v. Fieldcrest Mills, Inc.,
85 N.C. App. 372.355 S.E.2d 141 (1987); Carpenter v. Tony E. Hawley,Contractors, 53 N.C. App. 715.281 S.E.2d 783 (1981).
6. N.C. Gen. Stat. § 35A-1101(7), defines a mentally incompetent individual as: "[A]n adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition."
7. In the case at bar the greater weight of the evidence shows there exists a genuine issue of whether Plaintiff was legally able to manage his own affairs during the two-year period following the removal of the case from the hearing docket on February 20, 2003. N.C. Gen. Stat. §§ 35A-1101(7); 97-24; 97-50. During the time period in question, there also exists a genuine issue of whether Plaintiff could exercise rational judgment and was able to understand the consequences of his actions. Haginsv. Redevelopment Comm. 275 N.C. 90, 165 S.E.2d 490 (1969);Soderlund v. Kuch, 143 N.C. App. 361, 546 S.E.2d 632 (2001).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendants' Motion to Dismiss for Failure to Prosecute the Claim should be and the same is hereby DENIED.
2. The Opinion and Award/Order of the Deputy Commissioner dismissing Plaintiff's claim with prejudice is reversed. Plaintiff's claim is treated as removed. Plaintiff must file a Form 33 Request for Hearing to reinstate his claim.
3. Since there is an issue concerning Plaintiff's competency to bring this action on his behalf, the Deputy Commissioner shall determine, prior to proceeding to hearing upon any claim filed by Plaintiff, whether Plaintiff should be appointed a guardian ad litem to represent his best interests in this matter.
4. No costs are assessed at this time.
This the __ day of August 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER