***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. Upon review of all of the competent evidence of record, good grounds do not exist to reconsider the evidence, receive further evidence, or rehear the parties or their representatives in this matter. Accordingly, the Full Commission adopts the deputy commissioner's findings of fact and conclusions of law with minor modifications and enters the following Opinion and Award.
 *********** *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On June 18, 1999, plaintiff sustained an admittedly compensable injury by accident to her right knee as manifested by an Industrial Commission Form 60 filed on July 19, 1999.
2. On said occasion, defendant was a qualified self-insured with PMA Insurance Group serving as third-party administrator.
3. On said occasion, plaintiff's average weekly wage was $807.65 pursuant to an Industrial Commission Form 22 prepared September 20, 1999, resulting in a compensation rate of $538.43 per week.
4. Pursuant to N.C. Gen. Stat. § 97-18(b), plaintiff has received temporary total disability compensation under N.C. Gen. Stat. § 97-29 in the amount of $538.42 per week from June 20, 1999 to the present and continuing.
5. Plaintiff's temporary total disability compensation under N.C. Gen. Stat. § 97-29 was paid without interruption until September 30, 2002.
6. The evidentiary record was opened on August 20, 2004, at which time plaintiff provided testimony.
7. Pursuant to the November 18, 2005 Order filed by Deputy Commissioner Hall, on December 23, 2005, plaintiff's accrued temporary total disability compensation was paid and plaintiff's weekly compensation was reinstated.
8. Defendant appealed the Order of November 18, 2005 with respect to the 10% penalty, and the parties stipulated that the issue raised in the appeal may be determined along *Page 3 
with the other issues presented herein, and that enforcement of the Order may be stayed until such determination.
9. Plaintiff's Exhibits No. 1 (Form 60; 7/19/99); No. 2 (F22; 9/20/99); No. 3 (4/11/02 Order); No. 4 (Medical Records and Reports); and No. 5 (Medical Records and Reports received after 8/20/04) are entered into evidence by stipulation of the parties. Records noted with a * denote those records contained within Exhibit No. 5.
Provider Dates of Service # of Pages
Western NC Rheumatology 9/11/00 to 9/22/03 62
Spine Carolina 8/24/01 to 12/7/01 9
Hendersonville Orthopedic 2/12/01 to 3/20/02 12
Mountain Neurological Assoc. 3/1/02 to 4/5/02 7
Cleveland Thompson 5/21/02 2
Mission Hospital 11/30/99 to 5/21/02 193*
Blue Ridge Bone Joint 9/10/99 to 10/17/00 11
Pardee Hospital 1/21/02 — 2/19/02 4*
Hendersonville Internists 7/6/99 — 2/6/04 8*
Southern Rehab Network 2/4/00 to 10/2/02 78

10. Plaintiff's contested issues at the hearing before the deputy commissioner were as follows:
 (a) Whether plaintiff is entitled to a 10% penalty pursuant to N.C. Gen. Stat. § 97-18(g) for compensation which accrued since September 30, 2002 but was not paid until December 23, 2005?
 (b) Whether plaintiff continues to remain totally without earning capacity as a result of her June 18, 1999 injury by accident?
 (c) Whether plaintiff has reached the end of the healing period?
 (d) Whether plaintiff has retained any permanent partial disability?
 (e) Whether plaintiff is entitled to additional medical compensation consisting of ongoing treatment for her admittedly compensable June 18, 1999 injury *Page 4 
by accident to her right knee, for which she moves the Commission to issue an order to that effect.
 (f) Whether Defendant is estopped from asserting defenses during the period of time it refused to acknowledge liability (August 24, 2001 through November 3, 2005)?
11. Defendant's contested issues to be tried at the hearing before the deputy commissioner were:
 (a) Whether plaintiff remains totally disabled as a result of the injury of June 18, 1999?
 (b) Whether plaintiff has reached the end of the healing period for the injury of June 19, 1999, and whether she is entitled to compensation for permanent partial disability for the injury?
 (c) Whether it was appropriate to award a 10% penalty in the Order of November 18, 2005?
 ***********
Based upon the competent evidence of record, and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the evidentiary hearing in this matter, plaintiff was 53 years old, had completed the 9th grade, and then subsequently obtained a GED. Plaintiff worked for defendant, its' predecessors and successor for approximately 27 years at the time of the plant closure. Plaintiff's prior employment consists of factory sewing work and security guard work.
2. On June 18, 1999, plaintiff sustained an injury by accident arising out of and in *Page 5 
the course of her employment with defendant, resulting in an injury to her right knee.
3. Plaintiff required medical compensation in the form of medical treatment by Dr. David Cappiello, an orthopaedic surgeon, and Dr. Amal K. Das, an orthopaedic surgeon with Hendersonville Orthopaedics.
4. Plaintiff underwent a total knee arthroplasty on March 14, 2000, which was performed by Dr. Cappiello. Dr. Amal Das, Jr. provided plaintiff's post-surgical care and treatment of her ongoing chronic right knee pain and instability.
5. Defendant's purported successor in interest, RFS Ecusta, Inc. ceased paying medical compensation for treatment of plaintiff's right knee condition in October of 2002. Thereafter, defendant refused to provide medical compensation to plaintiff.
6. Since defendant's purported successor in interest, RFS Ecusta, Inc. ceased payment of indemnity and medical compensation, plaintiff was without resources to secure additional orthopaedic treatment. Plaintiff has recently treated with her family physician, Dr. Margaret Anne Kirkley, for her right knee injury and non-occupational problems of low back pain with siatica, shoulder pain, and rheumatoid arthritis. Dr. Kirkley has opined to a reasonable degree of medical probability that plaintiff is totally disabled and unable to work as a result of her right knee, back and shoulder problems. The record is devoid of evidence which apportions plaintiff's disability among these problems.
7. Plaintiff has retained, as of March 2, 2002, a 60% permanent partial impairment to her right lower extremity for which she retains permanent functional limitations of no lifting of greater than 50 lbs., no stooping or bending, and no working at heights. Plaintiff has not yet been paid compensation for her permanent partial impairment to her right lower extremity.
8. As a result of her injury by accident and resulting surgery, plaintiff has chronic *Page 6 
right knee pain which is disabling, and for which she moves for additional treatment by Dr. Kirkley and Dr. Kirkley's referral, Dr. Keith Maxwell of Southeastern Spine and Sports Medicine.
9. Plaintiff sought additional medical compensation and treatment for her right knee problems within a reasonable period of time after procurement of her treatment by Dr. Kirkley, and within a reasonable period of time for approval of Dr. Kirkley's referral to Dr. Keith Maxwell for further evaluation and treatment.
10. Plaintiff's right knee pain and problems are related to her June 18, 1999 admittedly compensable injury by accident to her right knee and there is no evidence to the contrary.
11. As a result of plaintiff's June 18, 1999 injury by accident to her right knee, her resulting right knee arthroplasty, her resulting chronic right knee pain, defendant's deliberate refusal to provide indemnity compensation from September 30, 2002, and defendant's deliberate refusal to provide required medical compensation since October, 2002, plaintiff has been unable to earn any wages in any employment since June 18, 1999.
12. Defendant refused to provide plaintiff with indemnity compensation from September 30, 2002 to December 23, 2005. This indemnity compensation was not paid within 14 days of the date it was due and owing. The record is devoid of evidence that it was due to conditions over which defendant had no control.
13. Defendant refused to provide medical compensation to plaintiff since October 2002, indemnity compensation from September 30, 2002 until December 23, 2005, or any claims administration since August 24, 2001, because defendant contested its liability for coverage in this claim, along with all the claims that arose during its period of self-insurance after its sale of the *Page 7 
Ecusta Division on August 24, 2001. Goodson v. P.H. Glatfelter Co.,171 N.C. App. 596, 615 S.E.2d 350 (2005), discretionary review denied,360 N.C. 63, 623 S.E.2d 582 (2005), which is controlling precedent herein, established defendant's liability for coverage of plaintiff's claim. Although defendant had knowledge of plaintiff's claim at the time its purported successor in interest ceased payment of indemnity and medical compensation, defendant neglected to raise defenses to plaintiff's claim until after the North Carolina Supreme Court denied defendant's petition for discretionary review of the North Carolina Court of Appeals decision affirming the North Carolina Industrial Commission's Opinion and Award in Goodson, finding and concluding that defendant's attempted transfer of its self-insured workers' compensation liabilities to its purported successor in interest was ineffective as a matter of law, and thusvoid ab initio. (emphasis added). Defendant's legal liability for plaintiff's claim has remained uninterrupted since June 18, 1999. Defendant's deliberate refusal to provide medical and indemnity compensation to plaintiff when it had legal liability to do so, and its neglect to assert defenses to plaintiff's claim at the proper time, are misleading acts upon which plaintiff relied to her detriment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On June 18, 1999, plaintiff sustained an admittedly compensable injury by accident to her right knee for which she is entitled to temporary total disability compensation in the amount of $538.42 per week from June 20, 1999 to the present and continuing. N.C. Gen. Stat. §§ 97-2(9); 97-29; Hilliard v. Apex Cabinet Company, 305 N.C. 593,290 S.E.2d 682 *Page 8 
(1982); Knight v. Wal-Mart Stores, Inc., 149 N.C. App. 1, 562 S.E.2d 434
(2002), aff'd per curiam 357 N.C. 44, 577 S.E.2d 620 (2003); Russell v.Lowes Products Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993);Errante v. Cumberland County Solid Waste Management, 106 N.C. App. 114,415 S.E.2d 583 (1992).
2. Plaintiff is entitled to medical compensation for her June 18, 1999 injury by accident to her right knee, including medical treatment for her chronic right knee pain to the extent that the treatment is reasonably required to effect a cure, give relief or lessen disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
3. Plaintiff is authorized and entitled to treat with Dr. Kirkley and her referral, Dr. Maxwell, having sought such treatment within a reasonable time. N.C. Gen. Stat. § 97-25; Braswell v. Pitt CountyMemorial Hospital, 106 N.C. App. 1, 415 S.E.2d 86 (1992).
4. Plaintiff is entitled to a 10% penalty for all installments of compensation paid greater than 14 days after they were due, beginning September 30, 2002. N.C. Gen. Stat. § 97-18(g).
5. Defendant is estopped from asserting defenses which should have been asserted during the period of time it contested its liability for its self-insured claims and refused to provide plaintiff with indemnity and medical compensation. N.C. Gen. Stat. §§ 97-25; 97-80; Goodson v.P.H. Glatfelter Co., 171 N.C. App. 596, 615 S.E.2d 350 (2005),discretionary review denied, 360 N.C. 63, 623 S.E.2d 582 (2005);Craver v. Dixie Furniture Company, 115 N.C. App. 570, 447 S.E.2d 789
(1994); Hand v. Fieldcrest Mills, Inc., 85 N.C. App. 141, 355 S.E.2d 141
(1987).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters *Page 9 
the following:
 AWARD
1. Defendant shall pay plaintiff temporary total disability compensation in the amount of $538.42 per week from June 20, 1999 to the present and continuing until further Order of the Commission, subject to the attorney's fee approved below.
2. Defendant shall pay all medical compensation incurred, or to be incurred, that is reasonably related to plaintiff's June 18, 1999 compensable right knee injury.
3. Plaintiff is authorized to treat with Dr. Kirkley and Dr. Maxwell.
4. Defendant shall pay to plaintiff a 10% penalty for all installments of compensation that accrued between September 30, 2002 and December 23, 2005.
5. An attorney's fee of 25% is approved for plaintiff's counsel. Defendants shall pay plaintiff's counsel every fourth weekly disability check.
6. Defendants shall pay the costs.
This the 25th day of July, 2007.
 S/________________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/________________________ PAMELA T. YOUNG COMMISSIONER
 S/________________________ DIANNE C. SELLERS COMMISSIONER *Page 1